UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID LITTLEFIELD, et al., <br><br>                              Plaintiffs, <br><br>          v. <br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al. <br><br>                              Defendants. | Civil Action No. <br>1:16-CV-10184-WGY |

**STIPULATION AND [PROPOSED] ORDER LIMITING SCOPE OF RULE 65(a)(2) TRIAL TO PLAINTIFFS' FIRST CAUSE OF ACTION AND DEFERRING OTHER MATTERS PENDING DISPOSITION OF THE SAME**

Pursuant to Local Rule 7.1(a)(2) and the Court's Procedural Order Re: Final Pretrial Conference/Trial [Dkt 42], Plaintiffs David Littlefield et al. and Defendants United States Department of the Interior et al., by and through their undersigned counsel, hereby stipulate and respectfully request that the Court order as follows:

1.      On June 20, 2016, the Court held an initial hearing [Dkt 40] on Plaintiffs' Motion for Preliminary Injunction or Writ [Dkt 25, 26], which had been filed on May 27, 2016.  At that hearing, the Court, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, advanced the matter to a trial on the merits to be held on July 11, 2016.  [Dkt 40.]

2.      At the same hearing, the Court directed Defendants to use necessary resources and efforts to compile and produce the complete administrative record ("AR") as soon as possible in advance of the July 11 hearing.  Also at the hearing, the Court directed the parties to confer about AR production and a schedule for filing dispositive cross-motions, and to file a joint pre-trial statement consistent with the Court's standard form, to the extent appropriate given the posture of this Administrative Procedures Act ("APA") case.  [Dkt 42.]

3. At the same hearing, the Court scheduled a June 29, 2016, hearing [Dkt 41] on Defendants' Motion for Partial Dismissal [Dkt 16, 17] ("MPD") with respect to the fifth through eighth causes of action set forth in the Amended Complaint. [Dkt 12.]

4. Between Tuesday, June 21 and Monday, June 27, counsel for the parties exchanged multiple emails and spoke on the phone at length on both Wednesday, June 22 and Monday, June 27. In these communications, Defendants advised they are able to produce the AR – except for that portion consisting of emails – on or before July 5. Defendants state that technical challenges involving the Department of the Interior's ("DOI") email system prevent expeditious review of over twenty thousand potentially record-related emails gathered from the Department's email system. Defendants will file an affidavit from Eric Shepard, the Associate Solicitor for the Division of Indian Affairs for DOI, who is overseeing DOI's review of email communications, in order to explain DOI's good faith efforts to produce the AR as expeditiously as possible.

5. Defendants state that the email portion of the AR will be produced as close to July 11 as possible, but no later than July 29, 2016. Defendants also represent that they do not object, upon production of email portion of the AR, to supplementation by Plaintiffs of any briefing before the Court in order to call attention to the Court of any emails Plaintiffs believe are pertinent to the merits of such briefing. In such case, Defendants would request leave to file a reply.

6. Plaintiffs' Second through Fourth Causes of Action in the Amended Complaint assert, *inter alia*, that the DOI abused its discretion and did not act in accordance with the law in making certain determinations based on the AR. Briefing these claims before the AR is

complete or in advance of an opportunity for adequate review of the AR would be difficult and would be an inefficient use of the Court's and the parties' resources.

7.  Similarly, Plaintiffs' Fifth through Eighth Causes of Action are, according to Plaintiffs, intended, *inter alia*, to support Plaintiffs' claims for preliminary injunctive relief.  The Court's decision to advance the merits in lieu of determining Plaintiffs' Motion for Preliminary Injunction, and the Court's stated intent to issue a prompt dispositive ruling on or after July 11, 2016, have, in Plaintiffs' view, potentially rendered the pursuit of these claims unnecessary, assuming that that Court is able to issue a prompt, dispositive ruling on Plaintiffs' First Cause of Action.

8.  Thus, in order to streamline proceedings and narrow the issues in dispute, Defendants have agreed, and the Parties hereby stipulate, to defer hearing and disposition of Defendants' MPD, until after the Court issues a dispositive ruling on Plaintiffs' First Cause of Action, if necessary at that time.  Defendants' agreement in this regard is in consideration for Plaintiffs' agreement to allow the Defendants the additional time needed to produce the email portion of the AR.

9.  Accordingly, the Parties respectfully request that the Court vacate the hearing on the MPD on June 29, 2016, at 2:00 p.m, without prejudice and defer determining whether the hearing should be rescheduled and the MPD adjudicated at some later date.

10.  Plaintiffs' First Cause of Action challenges the DOI's Record of Decision on the alleged grounds, *inter alia*, that it is inconsistent with the plain language of the Indian Reorganization Act of 1934 and the Supreme Court's decision in *Carcieri v. Salazar*, 555 U.S. 379 (2009).  Thus, the Plaintiffs submit that the First Cause of Action (i) raises a potentially dispositive question of law; (ii) is amenable to resolution even in the absence of the complete

AR; and (iii) can appropriately be argued and decided on the basis of cross-motions for summary judgment to be filed in advance of a "trial" (hearing) on July 11, per the Court's original schedule.

11.     Accordingly, the Parties propose that they simultaneously file cross-motions for summary judgment on July 7, 2016, consistent with Rule 56 and Local Rules 7.1 and 56.1, except that (i) each side's supporting memorandum may be up to thirty (30) pages in length; and (ii) the Parties will not file Oppositions or any other further briefing unless the Court so permits or orders.

12.     Plaintiffs intend for the cross-motions and a hearing on their First Cause of Action to result in a final, appealable order, whether pursuant to Rule 54(a) or (b), or by certification pursuant to 28 U.S.C. § 1292 or otherwise.  Accordingly, Plaintiffs respectfully request that the Court ensure that any ruling it issues on Plaintiffs' First Cause of Action be made immediately appealable, if it is not already so by operation of law.  Defendants take no position at this time on the immediate appealability of the Court's ruling on the First Cause of Action.

13.     The Parties further propose that all other pending matters, including without limitation, Plaintiffs' Motion for Preliminary Injunction or Writ [Dkt 25, 26], Defendants' Motion to Strike Declarations [Dkt 37] and Plaintiffs' Request for Judicial Notice [Dkt 44], be deferred pending disposition of the First Cause of Action.  However, nothing herein will prohibit or limit the Parties from submitting to the Court any evidence that may properly be considered on a motion for summary judgment in an action brought pursuant to the APA.

14.     The Parties still intend to and, unless the Court orders otherwise, will appear for the pretrial conference previously set for June 29, 2016, at 9:00 a.m. [Dkt 40.]

- 5 -

WHEREFORE, the parties respectfully request that the Court enter an Order:

A.  Limiting the scope of the Rule 65(a) trial to be held on July 11, 2016, to Plaintiffs' First Cause of Action;

B.  Setting July 7, 2016, as the date on which the Parties will file cross-motions for summary judgment on the First Cause of Action, consistent with Local Rules 7.1 and 56.1, except that (i) each side's supporting memorandum may be up to thirty (30) pages in length; and (ii) the Parties will not file Oppositions or any other further briefing unless the Court so permits or orders;

C.  Deferring the disposition of the remaining causes of action in the Amended Complaint, and all other pending matters (including without limitation Defendants' Motion for Partial Dismissal [Dkt 16, 17], Plaintiffs' Motion for Preliminary Injunction or Writ [Dkt 25, 26], Defendants' Motion to Strike Declarations [Dkt 37], and Plaintiffs' Request for Judicial Notice [Dkt 44]) until after the disposition of the First Cause of Action; and

D.  Vacating the hearing on Defendants' Motion for Partial Dismissal currently set for June 29, 2016, at 2:00 p.m.

IT IS SO STIPULATED.

Dated: June 28, 2016

Respectfully submitted,

| PLAINTIFFS DAVID LITTLEFIELD et al. | DEFENDANTS UNITED STATES DEPARTMENT OF THE INTERIOR et al. |
|---|---|
| */s/ Matthew J. Frankel*_____<br>Matthew Frankel (BBO#664228)<br>mfrankel@nixonpeabody.com<br>David Tennant (*pro hac vice*)<br>dtennant@nixonpeabody.com<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110-2131<br>(617) 345-1000<br><br>Adam Bond (BBO#652906)<br>abond@adambondlaw.com<br>Law Offices of Adam Bond<br>1 N. Main Street<br>Middleborough, MA 02346<br>(508) 946-1165 | */s/ Rebecca M. Ross*_____<br>REBECCA M. ROSS, Trial Attorney<br>JOANN KINTZ, Trial Attorney<br>STEVEN MISKINIS, Trial Attorney<br>Indian Resources Section<br>Environment & Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611<br>Ben Franklin Station Washington, D.C. 20044<br>TEL: (202) 616-3148<br>FAX: (202) 305-0275<br>Email: rebecca.ross@usdoj.gov |

PURSUANT TO STIPULATION AND
GOOD CAUSE APPEARING, IT IS SO ORDERED.

_____      _____

U.S. District Judge William G. Young                      Date

## **CERTIFICATE OF SERVICE**

     I, Matthew J. Frankel, hereby certify that this document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent via first class mail to those indicated as non-registered participants, if any, on June 28, 2016.

                                */s/ Matthew J. Frankel*

4812-2934-3284.3