```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                               )
DAVID LITTLEFIELD, MICHELLE    )
LITTLEFIELD, TRACY ACORD, DEBORAH )
CANARY, FRANCIS CANARY, JR.,   )
VERONICA CASEY, PATRICIA COLBERT, )
VIVIAN COURCY, WILL COURCY, DONNA )
DEFARIA, ANTONIO DEFARIA, KIM  )
DORSEY, KELLY DORSEY, FRANCIS  )
LAGACE, JILL LAGACE, DAVID LEWRY, )
KATHLEEN LEWRY, MICHELE LEWRY, )
RICHARD LEWRY, ROBERT LINCOLN, )
CHRISTINA McMAHON, CAROL MURPHY, )
DOROTHY PEIRCE, DAVID PURDY, and )
LOUISE SILVIA,                 )
                               )
              Plaintiffs,      )
                               )
                               )       CIVIL ACTION
         v.                    )       NO. 16-10184-WGY
                               )
UNITED STATES DEPARTMENT OF    )
THE INTERIOR; SALLY JEWELL,    )
in her official capacity; BUREAU )
OF INDIAN AFFAIRS; LAWRENCE    )
ROBERTS, in his official capacity, )
and UNITED STATES OF AMERICA,  )
                               )
              Defendants.      )
_____)
```

**JUDGMENT**

YOUNG, D.J.                                          July 28, 2016

Upon thorough consideration of the parties' submissions, the Court rules that the second definition of "Indian" in Section 479 of the Indian Reorganization Act, 25 U.S.C. § 479, unambiguously incorporates the entire antecedent phrase -- that

[1]

is, "such members" refers to "members of any recognized Indian tribe now under Federal jurisdiction." Thus, no deference is due the Secretary's contrary interpretation. In light of the Supreme Court's interpretation of "now under Federal jurisdiction" to mean under Federal jurisdiction in June 1934, the Secretary lacked the authority to acquire land in trust for the Mashpees, as they were not then under Federal jurisdiction. See Carcieri v. Salazar, 555 U.S. 379, 382-83 (2009).

In keeping with the parties' stipulation, ECF No. 77, and to enable a prompt appeal of this declaration, the Court determines there is no just cause for delay, Fed. R. Civ. P. 54(b), and enters this declaratory judgment on the Plaintiffs' first cause of action. The matter is remanded to the Secretary for further proceedings consistent with this opinion.

**SO ORDERED.**

    /s/ William G. Young
    WILLIAM G. YOUNG
    DISTRICT JUDGE