```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
                                    )
DAVID LITTLEFIELD, MICHELLE         )
LITTLEFIELD, TRACY ACORD, DEBORAH   )
CANARY, FRANCIS CANARY, JR.,        )
VERONICA CASEY, PATRICIA COLBERT,   )
VIVIAN COURCY, WILL COURCY, DONNA   )
DEFARIA, ANTONIO DEFARIA, KIM       )
DORSEY, KELLY DORSEY, FRANCIS       )
LAGACE, JILL LAGACE, DAVID LEWRY,   )
KATHLEEN LEWRY, MICHELE LEWRY,      )
RICHARD LEWRY, ROBERT LINCOLN,      )
CHRISTINA McMAHON, CAROL MURPHY,    )
DOROTHY PEIRCE, DAVID PURDY, and    )
LOUISE SILVIA,                      )
                                    )
                Plaintiffs,         )
                                    )
                                    )          CIVIL ACTION
           v.                       )          NO. 16-10184-WGY
                                    )
UNITED STATES DEPARTMENT OF         )
THE INTERIOR; SALLY JEWELL,         )
in her official capacity; BUREAU    )
OF INDIAN AFFAIRS; LAWRENCE         )
ROBERTS, in his official capacity,  )
and UNITED STATES OF AMERICA,       )
                                    )
                Defendants.         )
                                    )
```

**ORDER**

YOUNG, D.J.                                         September 23, 2016

This action concerns the taking of certain land into trust by the United States Department of the Interior (the "Department") for the benefit of the Mashpee Wampanoag Indian Tribe (the "Mashpees") pursuant to the Indian Reorganization Act, 25 U.S.C. § 479.  On July 28, 2016, the Court ruled that

[1]

the government's acquisition of the land at issue was improper, at least on the ground proffered by the Secretary of the Department in his Record of Decision and by the government in its briefing of this issue.  Mem. and Order, ECF No. 87.  In conjunction with its memorandum and order, the Court entered a declaratory judgment for the Plaintiffs on the first cause of action in their complaint.  Judgment, ECF No. 88.  The case was then administratively closed.[1]

On August 15, 2016, the Mashpees filed a motion to intervene as a Defendant in this action for the purpose of "1) participat[ing] in any motion practice remaining in the District Court; and 2) appeal[ing] the Court's July 28, 2016 Memorandum and Order[.]"  The Mashpee Wampanoag Indian Tribe's Mot. Intervene, ECF No. 89; Mem. Law Supp. Mashpee Wampanoag Indian Tribe's Mot. Intervene ("Mashpees' Mem."), ECF No. 90.  The Plaintiffs oppose this motion.  Pls.' Opp'n Mashpee Wampanoag Indian Tribe's Mot. Intervene ("Pls.' Opp'n"), ECF No. 101.

Under Federal Rule of Civil Procedure 24(a), the Court must grant a timely motion to intervene, as matter of right, where the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so

---

[1] The parties had earlier stipulated that all other counts included in the Plaintiffs' complaint be administratively closed pending the resolution of the first count.  Elec. Clerk's Notes, ECF No. 49.

[2]

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Factors relevant to this determination include

> (1) the length of time the applicants knew, or reasonably should have known, of their interest before they petitioned to intervene; (2) the prejudice to existing parties due to applicants' failure to petition for intervention promptly; (3) the prejudice that applicants would suffer if they were not allowed to intervene; and (4) any unusual circumstances militating either for or against intervention.

Fiandaca v. Cunningham, 827 F.2d 825, 834 (1st Cir. 1987) (internal citations omitted).

The Plaintiffs are correct that the Mashpees knew of their interest in this lawsuit well before they moved to intervene. See Pls.' Opp'n 6; Mashpees' Mem. 18 (effectively acknowledging that they "could have but did not bring [the motion to intervene] sooner"). Ultimately, however, the balance of prejudices here favors the Mashpees. The prejudice to the Plaintiffs should the Mashpees be permitted to intervene is not especially concerning.[2] On the other hand, given the Mashpees'

---

[2] The Court is not convinced by the Plaintiffs' argument that they would be meaningfully prejudiced by the so-called "pil[ing] on" of an additional Defendant, Pls.' Opp'n 3, and "re-plow[ing]" previously litigated issues, id. at 7. See Dimond v. District of Columbia, 792 F.2d 179, 193 (D.C. Cir. 1986) (concluding that existing parties were not prejudiced where intervenor sought "to intervene only to participate at the appellate stage and in any further trial proceedings"). Indeed, there is no concern here that allowing the Mashpees' motion

[3]

undeniable and compelling interest in the outcome of this litigation, their risk of prejudice is substantial.  Moreover, to the extent the Plaintiffs argue that timing of the Mashpees' motion reflects some sort of ploy designed to impede the Plaintiffs' recovery, see Pl.'s Opp'n 1, 6, the Court rejects the notion that the Mashpees' decision not to waive their sovereign immunity earlier in this lawsuit necessarily disqualifies them from intervention.

Accordingly, the Court GRANTS the Mashpees' motion to intervene as a Defendant, ECF No. 89, with the proviso that their role shall be limited to participating in any challenges to the judgment as to the Plaintiffs' first cause of action and appealing that judgment.[3]

**SO ORDERED.**

---

would, for example, delay trial.  See Caterino v. Barry, 922 F.2d 37, 43 (1st Cir. 1990) (affirming district court's conclusion that existing parties would be prejudiced by allowing motion to intervene where intervention would delay trial).  Nor would it disturb thoughtfully negotiated and relied upon settlement terms.  See Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1232 (1st Cir. 1992) (finding post-judgment intervention prejudicial to existing parties where the judgment was a carefully negotiated settlement).

[3] In other words, the Mashpees' inclusion as a Defendant does not entitle them to reopen those counts that were administratively closed pursuant to the existing parties' stipulation, see Elec. Clerk's Notes, ECF No. 49.

                                          <u>/s/ William G. Young</u>
                                          WILLIAM G. YOUNG
                                          DISTRICT JUDGE

[5]